AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

**FILED**

MAY 22 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

David Trinidad Gonzalez
_____Petitioner_____

v.

Warden Ciolli, USP ATWATER
_____Respondent_____
*(name of warden or authorized person having custody of petitioner)*

Case No. 1:20-cv-724-SKO(HC)
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: **David Trinidad Gonzalez**
   (b) Other names you have used:

2. Place of confinement:
   (a) Name of institution: **U.S.P. Atwater**
   (b) Address: **P.O. Box 019001, Atwater, CA 95301**

   (c) Your identification number: **41902-060**

   **RECEIVED**

   MAY 22 2020

   CLERK, U.S. DISTRICT COURT
   EASTERN DISTRICT OF CALIFORNIA
   BY_____
   DEPUTY CLERK

3. Are you currently being held on orders by:
   ☑ Federal authorities     ☐ State authorities     ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you: **U.S. District Court, Northern District of Ohio**
   (b) Docket number of criminal case: **00-00756**
   (c) Date of sentencing: **✗ 01-09-2006**
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*:

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☑ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❏ Pretrial detention
❏ Immigration detention
❏ Detainer
❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
❏ Disciplinary proceedings
☑ Other *(explain):* Execution of Sentence that encompass an unconstitutional Enhancement

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: U.S. District Court, Northern District of Ohio
   (b) Docket number, case number, or opinion number: 00-00756
   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed):* Unconstitutional enhanced Sentence

   (d) Date of the decision or action: X 01-09-2006

**Your Earlier Challenges of the Decision or Action**

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ❏ Yes          ☑ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: _____
       (2) Date of filing: _____
       (3) Docket number, case number, or opinion number: _____
       (4) Result: _____
       (5) Date of result: _____
       (6) Issues raised: _____
       _____
       _____
       _____
       _____

   (b) If you answered "No," explain why you did not appeal: The opportunity to challenge the unconstitutional enhanced sentence didn't become ripe for judicial review until after direct appeal and first § 2255 was exhausted.

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ❏ Yes          ❏ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: _____

    (2) Date of filing: _____
    (3) Docket number, case number, or opinion number: _____
    (4) Result: _____
    (5) Date of result: _____
    (6) Issues raised: _____

(b) If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes      ☐ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: _____

    (2) Date of filing: _____
    (3) Docket number, case number, or opinion number: _____
    (4) Result: _____
    (5) Date of result: _____
    (6) Issues raised: _____

(b) If you answered "No," explain why you did not file a third appeal: _____

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☑ Yes      ☐ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

    ☑ Yes      ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Name of court: U.S. District Court, Northern District of Ohio
(2) Case number: X Lexis 20452
(3) Date of filing: X 03-08-2010
(4) Result: X Denied
(5) Date of result: X ~~Granted~~ 06-17-2010 Lexis 60105
(6) Issues raised: X I can't recall the issues I raised.

(b)     Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A),
        seeking permission to file a second or successive Section 2255 motion to challenge this conviction or
        sentence?
        ❏ Yes                    ☐ No
        If "Yes," provide:
        (1) Name of court: _____
        (2) Case number: _____
        (3) Date of filing: _____
        (4) Result: _____
        (5) Date of result: _____
        (6) Issues raised: _____

(c)     Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your
        conviction or sentence: My claim herein is an actual innocent claim
        for which I has not had an unobstructed procedural shot
        at presenting to a federal court. The legal basis for my
        claim did not arise until after I had exhausted my
        direct appeal and first § 2255 motion. Likewise, in light of
        Mathis and Descamps ruling, the law has changed that effects a
        material change in the applicable law regarding my enhancement.

11.     **Appeals of immigration proceedings**
        Does this case concern immigration proceedings?
        ❏ Yes                    ☑ No
        If "Yes," provide:
        (a)     Date you were taken into immigration custody: _____
        (b)     Date of the removal or reinstatement order: _____
        (c)     Did you file an appeal with the Board of Immigration Appeals?
                ❏ Yes                    ❏ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1)  Date of filing: _____

(2)  Case number: _____

(3)  Result: _____

(4)  Date of result: _____

(5)  Issues raised: _____

_____

_____

_____

_____

(d)    Did you appeal the decision to the United States Court of Appeals?

☐ Yes                    ☐ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Date of filing: _____

(3)  Case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes      ☑ No

If "Yes," provide:

(a)  Kind of petition, motion, or application: _____

(b)  Name of the authority, agency, or court: _____

_____

(c)  Date of filing: _____

(d)  Docket number, case number, or opinion number: _____

(e)  Result: _____

(f)  Date of result: _____

(g)  Issues raised: _____

_____

_____

_____

_____

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.   State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Prior State Drug Offenses are not Qualifying Predicates for § 851 Mandatory Life Enhancement under Mathis and Descamps' Categorical Analysis. See Memorandum of Law in Support, page 4 to 13.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Prior to trial, the United States filed a prior drug offense notice to seek the enhanced penalty at sentencing. However, the State offense[s] used are not categorically prior drug offenses within the meaning of § 21 U.S.C § 802 (44). The State drug statutes sweep more broadly than the federal definition of "Prior Drug Offenses"

(b) Did you present Ground One in all appeals that were available to you?

☐ Yes     ☑ No

**GROUND TWO:** Mathis and Descamps Retroactively established that under the Categorical Approach, my prior conviction[s] are/is not a felony drug offense as defined in 21 U.S.C. § 802 (44)

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

My prior State offenses constitute statutory elements that sweeps much broader than the elements of § 802(44) that defines a prior drug offense. Thus, the least way to violate the State statutes does not meet § 802 (44)'s definition. Moreover, I did not stipulate to any element listed in § 802 (44) definition.

(b) Did you present Ground Two in all appeals that were available to you?

☐ Yes     ☑ No

**GROUND THREE:** Gonzalez did not have an unobstructed procedural shot at presenting the claim.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The claims herein rests on the retroactive application of Descamps, Mathis, and Ninth Circuit recent ruling in Allen v. Ives. None of these authorities were available during direct appeal and first § 2255 Motion

(b) Did you present Ground Three in all appeals that were available to you?

☐ Yes     ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** Gonzalez is Actually Innocent of Section 851 Mandatory Life Enhancement.

(a) Supporting facts *(Be brief. Do not cite cases or law.):*

Because the prior drug convictions used as the 851 predicates are categorically not "prior drug offenses" within the meaning of 21 U.S.C. § 802(44) and the categorical Analysis established by Descamps and Mathis, I am actually innocent of the 851 enhancement to Mandatory Life imprisonment.

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes      ☑ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: Descamps and Mathis was unavailable and the claim was foreclosed until after these decisions were pronounced, and the claim supported by Ninth Circuit recent ruling in Allen v. Ives, that granted prisoners a right to invoke the savings clause to challenge an enhancement as actually innocent.

**Request for Relief**

15. State exactly what you want the court to do: Grant the writ by overturning the Life Sentence and enter an order for immediate release or resentencing in absence of the § 851 enhancement.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

X 05 - 18 - 2020

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: X 05-18-2020                X David Trinidad Gazaf
                                       *Signature of Petitioner*


_____
                                       *Signature of Attorney or other authorized person, if any*

Case No. _____

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

---

DAVID TRINIDAD GONZALEZ

Petitioner

-vs-

WARDEN CIOLLI, USP ATWATER

Respondent

---

Crim. No. 00-00756

U.S. District Court

Northern District of Ohio

---

MEMORANDUM OF LAW IN SUPPORT OF

PETITION PURSUANT TO 28 U.S.C. § 2241

David Trinidad Gonzalez

Reg. No. 41902-060

U.S. Penitentiary

P.O. Box 019001

Atwater, CA 95301

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

---

DAVID TRINIDAD GONZALEZ,

           Petitioner,

       vs.

WARDEN CIOLLI, USP ATWATER,

        Respondent.

Case No. _____

MEMORANDUM OF POINTS AND
AUTHORITY IN SUPPORT OF
MOTION UNDER 28 USC § 2241

COMES NOW, David Trinidad Gonzalez (hereafter, "Gonzalez"), and respectfully moves this Court to enter an Order to vacate his Life sentence under the Savings Clause, on the grounds that he's actually innocent of the Section 851 enhancement. Gonzalez request that this court construe his pleading liberally because he is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520-21 (1927). If the court finds his petition reasonably can be read to state a valid claim on which he can prevail, the court should do so despite any failure to cite proper legal authority, his poor syntax, and sentence construction, or his unfamiliarity with pleading requirements.

A.   History of Case

David Gonzalez was charged in a third superseding

1

indictment for conspiracy to possess with intent to distribute cocaine power, cocaine base, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1), and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 2). Prior to trial, the United States filed notice of its intent to seek the statutory enhanced sentence, which increased the statutory minimum penalty from 10 years to a mandatory life sentence. Gonzalez was convicted of both counts and sentenced to life imprisonment for each count to be served concurrent. A direct appeal was pursued in the Court of Appeals for the Sixth Circuit. The conviction and the sentences were affirmed in United States v. Gonzalez, 257 Fed. Appx. 932 (6th Cir. 2007)(unpublished). A writ of certiorari was filed, and denied. Supreme Court Case No. 07-9998.

Thereafter, Gonzalez filed a habeas petition pursuant to 28 U.S.C. § 2255, which was denied. Both the district court and Court of Appeals denied the request for a certificate of appealability. Gonzalez filed a motion pursuant to § 3582(c)(1)(B) and Section 404 of the First Step Act of 2010, that made the Fair Sentencing Act ("FSA") retroactively applicable to cases with covered offenses, namely "crack cocaine." The district court denied the FSA motion, and a timely notice of appeal was filed. Currently, Gonzalez' § 3582(c)(1)(B) appeal is pending before the Sixth Circuit.

B.   Summary of Argument

Gonzalez contends that: (1) he is "actually innocent" of his enhanced sentence under 21 U.S.C. §§ 841/851; (2) that the

2

remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" to test his claim of actual innocence; and (3) that the district court may therefore entertain his § 2241 petition. Thus, Gonzalez' claim of actual innocence is cognizable under § 2241 in light of Mathis v. United States, 136 S. Ct. 2243 (2016), Descamps v. United States, 570 U.S. 254 (2013), and Ninth Circuit recent decision in Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020).

C.   Standard of Review

As a general rule, "a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention[.]" Stephens, 464 F.3d at 897 (internal citations omitted). An exception to the general rule, termed the § 2255(e) "escape hatch," permits a federal prisoner to "file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000)(quoting § 2255(e)).

The Ninth Circuit has held that a remedy under § 2255 is inadequate where "the prisoner '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012)(quoting Stephens, 464 F.3d at 898). And just recently, on February 24, 2020, the Ninth Circuit held that a person may be "actually innocent" of an erroneous mandatory career offender sentence, opening the door for

3

relief under the savings clause. See Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020).

## Grounds for Relief

I. Gonzalez' Prior Drug Convictions are not Qualifying Predicates for § 851 Mandatory Life Enhancement Under Mathis and Descamps Categorical Analysis

Prior to trial, the Government filed two prior drug felony notices against Gonzalez. The Government used Gonzalez' two prior Ohio Revised Code convictions (hereafter, referred to as "ORCS"), in Case No. 92-42-CR, and a combined proceeding of Case No. 93-269-CR and Case No. 2004-CR-299. The United States took the position that these two prior convictions qualified as "felony drug offenses" under 21 U.S.C. 841(b)(1)(A). The convictions are violations of ORCS 2925.03(A)(1) and ORCS 2925.03(A)(5). The term "felony drug offense" is defined in 21 U.S.C. § 802(44) as:

> "an offense that is punishable by imprisonment
> for more than one year under any law of the United
> States or of a State or foreign country that
> prohibits or restricts conduct relating to
> narcotic drugs, marihuana, anabolic steroids, or
> depressant or stimulant substances."
> (emphasis added).

At Gonzalez' plea allocution hearing, he pleaded guilty

4

to a lesser included offense of ORCS 2925.03(A)(1) and ORCS
2925.03(A)(5) in Case No. 93-269-CR (and 2004-CR-299
combined). See Attachment A (Plea of Guilty Document),
Attachment B (Plea Allocution Transcripts), and Attachment C
(Judgment Entry). However, taken as a whole, ORCS
2925.03(A)(1) and (A)(5), or as pleaded guilty to, a lesser
included offense of the aforementioned statutes, includes both
qualifying and non-qualifying crimes. Because these statutes
as a whole "comprises multiple, alternative versions of the
crimes," the statutes are divisible and subject to the
modified categorical approach. See Descamps, 133 S. Ct. at
2284. Accordingly, this court must identify from among several
alternatives, the plea transcripts, and the sentencing
transcripts, the crime of conviction, so the court can
determine if Gonzalez' crimes are deemed § 851 qualifying
offenses. Id at 2285. Gonzalez contends that they are not and
will make this showing below.

The Ninth Circuit applies a three-step analysis to
determine whether a prior conviction under state law qualifies
as a predicate drug trafficking offense under the federal
sentencing guidelines. The first inquiry is whether the state
law is a categorical match with a federal drug trafficking
offense. See Taylor v. United States, 495 U.S. 575, 599-600,
109 L. Ed. 2d 607 (1990). In this instance, the state offenses
at hand are ORCS 2925.03(A)(1) and (A)(5), but most
importantly, in consistent with Gonzalez' plea transcripts, a
lesser included offense of the aforementioned statutes. At
this step, the courts look only to the "statutory

5

definitions" of the corresponding offense. Id. at 600. If a
state law "proscribes the same amount of or less conduct than"
that qualifying as a federal drug trafficking offense, then
the two offenses are a categorical match. United States v.
Hernandez, 769 F.3d 1059, 1062 (9th Cir. 2014)(per curaim);
see also Taylor, 495 U.S. at 599.

It is clear that ORCS 2925.03(A)(1) and (A)(1); and any
other lesser included offenses, like many California State
drug statutes, are not deemed a categorical match with a
federal drug trafficking offense. For instance, 2925.03
provided, in pertinent part, as follows:

(A) No person shall knowingly do any of the following:

(1) Sell or offer to sell a controlled substance in an amount
less than the minimum bulk amount;

(2) Prepare for shipment, ship, transport, deliver, prepare
for distribution, or distribute a controlled substance, when
the offender knows or has reason to believe that the
controlled substance is intended for sale or resale by the
offender or another person;

(3) cultivate, manufacture, or otherwise engage in any part of
the production of a controlled substance;

(4) Possess a controlled substance in an amount equal to or
exceeding the bulk amount but in an amount less than three
times that amount;

6

(5) Sell or offer to sell a controlled substance in an amount equal to or exceeding the bulk amount but in an amount less than three times that amount;

(6) Possess a controlled substance in an amount equal to or exceeding three times the bulk amount, but in an amount less than one hundred times that amount;

(7) Sell or offer to sell a controlled substance in an amount equal to or exceeding three times the bulk amount, but in an amount less than one hundred times that amount;

(8) Provide money or other items of value to another person with the purpose that the recipient of the money or items of value would use them to obtain controlled substance for the purpose of selling or offering to sell the controlled substance;

(9) Possess a controlled substance in an amount equal to or exceeding one hundred times the bulk amount;

(10) Sell or offer to sell a controlled substance in an amount equal to or exceeding on hundred times the bulk amount;

(11) Administer to a human being, or prescribe or dispense for administration to a human being any anabolic steroid not approved by the [FDA] for administration to human beings.

When Gonzalez pleaded guilty to Case No. 93-269-CR, the
court did not state on the record what exactly is a "lesser
included offense." Neither did the court address whether the
term "lesser included offense alters quantity, drug type,
mens rea, actus reus, or sentencing exposure--which are all
elements of a drug offense. The Sixth Circuit has held that,
taken as a whole, Section 2925.03 includes both qualifying and
non-qualifying crimes." See United States v. Wright, 43 Fed.
Appx 848, 852 (6th Cir. Aug. 7, 2002). The Sixth Circuit has
applied the categorical approach to certain of the subsections
of § 2925.03 and found that convictions under those
subsections do not qualify as "controlled substance offenses"
under U.S.S.G. § 4B1.1. See Montanez, 442 F.3d at 494 (finding
"convictions under former Ohio Rev. Code § 2925.03(A)(6) and
(9) do not qualify as 'controlled substance offenses' under
USSG § 4B1.1.").

Clearly, in Gonzalez' case, a lesser-included offense of
ORCS 2925.03(A)(1) and (A)(5) could very well be any lesser
offenses within the statute's orderly subsections. For
instance, any subsection from § 2925.03(A)(2) and lower could
be deemed a lesser included offense of ORCS § 2925.03(A)(1).
Likewise, any subsection from ORCS § 2925.03(A)(6) and lower-
in statutory order could be deemed a lesser included offense
of ORCS § 2925.03(A)(5). Nothing from Gonzalez' plea records
revealed which of the alternate, lesser-included offenses was
accepted by the court for his guilty plea. See e.g., Plea
Allocution Transcripts at page 3, line 23-25, page 4, line 1-
25. Attachment B. In addition, the Common Pleas Court noted on
the record that Gonzalez was entering a guilty plea to the

8

"amended counts one and two [lesser included offenses] of the
indictment." (emphasis added). See page 17 of Plea Allocution
Transcripts (Attachment B). Thereafter, the following colloquy
transpired:


THE COURT:  And how will you plead as to count one?

THE DEFENDANT: Guilty.

THE COURT: As amended that is. How will you plead to count two
as amended.

THE DEFENDANT: Guilty.

See page 17, line 19-25 (Attachment B).


     Though the original indictment charged Gonzalez for a
first and second degree crime for trafficking drugs, namely
cocaine, nowhere in the plea transcripts demonstrated that
Gonzalez stipulate to trafficking cocaine. To be specific,
Gonzalez' fact-specific stipulation is outlined on page 19-20
of his Plea Transcripts (see Attachment B). The term Gonzalez'
used at the plea hearing is "drugs." Not once did he stipulate
to trafficking cocaine. At one point during the plea inquiry,
the court asked: "How did you have such ready access to high
power drugs like cocaine and so forth? However, even an
inquiry-statement as such, cannot be considered a stipulation
to drug type, especially where it was made by the Court of
Common Pleas and not Gonzalez. ORCS 2925.03 is overly broad,
where it criminalizes other substances apart from those listed
in 21 U.S.C. § 802(44). See Mielewczyk, 575 F.3d at 995
(controlled substance requirement); Rivera-Sanchez, 247 F.3d
at 909 (actus reus requirement). Gonzalez' case, therefore,

*9*

turns on the second step of the categorical analysis.

At the second step, the court would ask whether the Ohio statute is a divisible statute which "sets out one or more elements of the offense in the alternative." Descamps v. United States, 133 S. Ct. 2276, 2281, 186 L. Ed. 2d 438 (2013). In Mathis, the Supreme Court reiterated the importance of the abstract comparison of elements, explaining that a statute is divisible only when it "list[s] elements in the alternative, and thereby define[s] multiple crimes." 136 S. Ct. at 2249. Mathis did not change the rule stated in Descamps; it only reiterated that the Supreme Court meant what it said when it instructed courts to compare elements. However, Mathis also instructed courts not to assume that a statute lists alternative elements and defines multiple crimes simply because it contains a disjunctive list. Id. Instead, Mathis instruct courts to consult "authoritative sources of state law" to determine whether a statute contains alternative elements defining multiple crimes or alternative means by which a defendant might commit the same crime. Mathis, 136 S. Ct. at 2256.

To determine whether Gonzalez' convictions under § 2925.03's lesser included offenses qualifies as a federal felony drug offense, the court must look to the statutory elements under which he was previously convicted, rather than the underlying conduct or facts giving rise to that conviction. United States v. Hollis, 490 F.3d 1149, 1157 (9th Cir. 2007), abrogated on other grounds by DePierre v. United States, 564 U.S. 70 (2011); accord U.S. v. Hernandez, 312 Fed.

Appx 937, 939 (9th Cir. 2009)(unpublished)(applying the categorical approach to the "felony drug offense" definition).

This analysis requires a categorical comparison between the predicate offense of conviction (e.g., ORCS 2925.03's lesser included offenses), and the federal definition of prior drug offense in § 802(44). It would be a difficult task here, because the court of common pleas did not state which subsection of ORCS is deemed the lesser included offense for which the guilty plea was entered and accepted. However, because the categorical assessment is required, the court would ask whether the statute of conviction is a categorical match to the generic predicate offense; that is, if the statute of conviction criminalizes only as much (or less) conduct than the generic offense. Medina-Lara v. Holder, 771 F.3d 1106, 1112 (9th Cir. 2014). If there's no dispute on this matter between Gonzalez and the United States, then the court must ask if the statute of convictions comparatively overboard element is divisible.

If ORCS 2925.03(A)(1) and (A)(5)'s lesser included offenses are divisible under Mathis, then the court may proceed to the third step in the analysis and apply the modified categorical approach. At this step, the court examines judicially noticeable documents of conviction "to determine which statutory phrase was the basis for the conviction." Descamps, 133 S. Ct. 2285. As in this case, not once did the court mentioned which statute or subsection of ORCS 2925.03 is/are deemed the lesser included offense. Thus, if Gonzalez guilty plea did not stipulate to the elements

constituting a federal drug trafficking offense, the prior state convictions may not serve as predicates for the section 851 enhancement. See Shepard v. United States, 544 U.S. 13, 16, 161 L. Ed. 2d 205 (2005). Gonzalez contends that upon taking judicial review of the appended Attachments, the court will observe that he pleaded guilty to a "lesser-included" offense of § 2925.03, without stipulating to a specific drug-type or mens rea. Thus, one, or both prior convictions used as §§ 841 and 851 predicates failed to satisfy § 802(44)'s "prior drug offense" definition to be qualified as predicates under Descamps and Mathis to support the § 851 mandatory life enhancement.

Looking to the limited class of documents from the record of the prior convictions, Mathis, 136 S. Ct. at 2249, there is simply no indication of which controlled-substance element Gonzalez pleaded guilty to as part of his conviction in Case No. 93-269-CR and 2004-CR-299. As to Case No. 92-42-CR, Gonzalez do not have the Shepard documents in his possession. However, the Government shoulders the burden here to prove a prior conviction qualifies as a felony drug offense under Descamps, Mathis, and the categorical analysis. See e.g. United States v. Ocampo-Estrada, 873 F.3d 661 (9th Cir. 2017). In that case, the Government lacked proof that Ocampo's prior drug felony was a qualifying predicate for the § 851 enhancement. So the Government hangs its case on Ocampo's statement made when objecting the presentence report in the instant federal case.

Ocampo stated his prior offense "involve[d] 57 grams of methamphetamine." However, on direct review, the Ninth Circuit

12

held that there were two problems with relying upon this statement as a basis to enhance Ocampo's sentence. First, Ocampo's statement made in the instant case appears in a document that is outside of the "limited class of documents" from the record of a prior conviction upon which a sentencing court may rely to determine which version of an offense was the basis for a prior conviction. Mathis, 136 S. Ct. at 2249.

Second, this statement does not constitute an admission that methamphetamine was the element of section 11378 to which Ocampo pleaded guilty-at best it indicates that the conduct gi ving rise to his prior conviction "involve[d]" methamphetamine. Further, the Ninth Circuit noted that the Supreme Court has expressly forbidden reliance upon the underlying facts of a prior conviction to determine whether the prior offense categorically matches the federal statute at issue. Descamps, 133 S. Ct. at 2287 (a sentencing court cannot "discover what the defendant actually did" and then use those discovered facts to establish a categorical match); see also Sahagun-Gallegos, 782 F.3d at 1100-01 (same).

In Gonzalez' Ohio state case, he pled guilty to a lesser included offense, and not the crime charged in the indictment. Nothing from the state court records explained what is the lesser included offense. The record expressly stated that Gonzalez was pleading guilty to an amendment of count one and two. Thus, his prior in Case No. 93-269-CR is not qualifying drug felony convictions under 21 U.S.C. § 802(44) in light of Descamps, and Mathis, making him actually innocent for the § 851 mandatory life imprisonment enhancement in consistent with Allen v. Ives' ruling.

13

II. Mathis and Descamps Retroactively Established
    that Under the Categorical Approach,
    Gonzalez' Prior Conviction is not Felony Drug
    Offenses as Defined in 21 USC 802(44)

Gonzalez (as Allen) contends that Mathis v. United
States, 136 S. Ct. 2243 (2016), and Descamps v. United States,
570 U.S. 254 (2013), retroactively established that under the
categorical approach of Taylor v. United States, 495 U.S. 575
(1990), his Ohio state drug convictions are not drug felony
offenses as defined in 21 U.S.C. § 802(44), and therefore he
is actually innocent of being a section 851 offender. On this
basis, Gonzalez is requesting resentencing without the § 851
enhancement.

III. Gonzalez did not have an Unobstructed
     Procedural Shot at Presenting the Claim

When deciding whether a petitioner has had an
"unobstructed procedural shot," the courts consider: (1)
whether the legal basis for petitioner's claim did not arise
until after he had exhausted his direct appeal and first §
2255 motion; and (2) whether the law changed in any way
relevant to petitioner's claim after that first § 2255
motion." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir.
2008). If an intervening court decision after a prisoner's
direct appeal and first § 2255 "effects a material change in
the applicable law [,]" then the prisoner did not have an

14

unobstructed procedural shot to present his claim. Alaimalo,
645 F.3d 1042, 1047 (9th Cir. 2011).

Gonzalez did not have an unobstructed procedural shot at
presenting his claim of actual innocence because it was
foreclosed by existing precedents at the time of his direct
appeal and his first section 2255 motion. Under the law at
that time of his § 2255 motion, Descamps and Mathis was
unavailable to be applied categorically to States drug
statutes. Moreover, pre-Descamps and Mathis, courts were still
looking at defendants conducts rather than the elements of the
state statute, and assessing whether the least way of
violating the statute matches the generic offense. See
Moncrieffe v. Holder, 569 U.S. 184, 190-91 (2013)(courts must
presume that the defendants' conviction rested upon nothing
more than the least of the acts criminalized, and then
determine whether even those acts are encompassed by the ...
definition.).

Based on the Supreme Court's later decisions in Descamps
and Mathis, and Ninth Circuit's decision in Allen v. Ives,
Gonzalez is now able to argue that (1) the categorical
approach should apply to Ohio Revised Code, Section 2925.03,
(2) this prior conviction is not "felony drug offense" under
21 U.S.C. § 802(44), and (3) he's actually innocent of the §
851 enhancement that rested on two priors that are not
qualified predicates. The legal basis for this argument arose
only after Gonzalez had appealed and after he had filed his §
2255 motion.

The Ninth Circuit have held that the decisions in
Descamps and Mathis do not meet the standard for a second or

successive § 2255 motion because they interpreted federal
statutes, not the Constitution. See Arazola-Galea v. United
States, 876 F.3d 1257, 1259 (9th Cir. 2017; Ezell v. United
States, 778 F.3d 762, 766 (9th Cir. 2015). Because Gonzalez'
claim under Descamps and Mathis "did not become available
until after the Sixth Circuit denied his § 2255, and because
that claim does not satisfy the criteria of § 2244 for a
second or successive § 2255 motion, Gonzalez has not had (and,
indeed, will never get), an opportunity to present his claim
in a § 2255 motion that his prior Ohio conviction is not
qualifying predicate under the standard in Descamps and
Mathis. Stephens, 464 F.3d at 898. Thus, Gonzalez has not had
an unobstructed procedural shot at presenting his actual
innocence claim.

A. Retroactivity of Descamps and Mathis

The Ninth Circuit held, "[O]ur holding that Allen has
made a cognizable claim of actual innocence, and that he did
not have an unobstructed procedural shot at presenting that
claim resolves the question of statutory jurisdiction in this
case." Allen v. Ives, Id. "We take the opportunity to clarify
that Mathis and Descamps apply retroactively when a court
reviews a criminal judgment in the course of addressing a §
2241 petition or a first § 2255 motion." A rule is substantive
rather than procedural if it alters the range of conduct or
the class of persons that the law punishes. Welch v. United
States, 136 S. Ct. 1257, 1264-65 (2016)(quoting Schriro v.
Summerlin, 542 U.S. 348, 353 (2004)).

In sum, the Ninth Circuit held that Mathis and Descamps alters "the range of conduct ... that the law punishes" and not "only the procedures used to obtain the conviction." Welch, 136 S. Ct. at 1266. Further, the Court held, "[w]e have previously recognized that decisions that alter the substantive reach of a federal statute apply retroactively in § 2241 proceedings under the escape hatch." Id. See also Alaimalo, 645 F.3d 1042. The Supreme Court's decisions in Mathis and Descamps therefore will apply retroactively to a review of Allen's sentence on remand. Accordingly, Mathis and Descamps alters the range of conduct that § 851 punishes, thus creating a material effect in his Gonzalez' case that warrants relief under the savings clause.

## IV. Gonzalez is Actually Innocent of Section 851 Mandatory Life Sentence Enhancement

In Allen v. Ives, the Ninth Circuit posed the question in this way: "Whether a petitioner who committed a crime that is not a predicate crime may challenge his career offender status under § 2241?" The Court clearly indicated that, because Allen's prior conviction did not qualify that he could be deemed actually innocent of it being a predicate offense for federal sentencing purposes. The Court held that Allen being sentenced under the mandatory career offender guideline was no different from being sentenced under a statute, citing Alleyne v. United States, 570 U.S. 99 (2013), in which the Supreme Court held that a fact that increases the mandatory minimum sentence as an "element" of the offense that must be found by a jury.

17

Precisely, that is exactly what the § 851 mandatory
penalty did in Gonzalez' case--requiring a mandatory minimum
sentence of life imprisonment the court had to impose, without
anything more than the judge accepting the § 851 notices filed
by the Government. As the Ninth Circuit suggested in Allen,
this was a violation of Alleyne. To capture the idea that the
incarceration of one whose conduct is not criminal "inherently
results in a complete miscarriage of justice," Davis v. United
States, 417 U.S. 333, 346 (1974), most circuits have include
an actual innocence component in their savings clause tests.

Accordingly, Gonzalez has made a cognizable claim to
invoke the savings clause, and contends that he is actually
innocent for the 851 mandatory life sentence enhancement. He
has been incarcerated for almost 17 years, and in absence of
one or both of the § 851 predicate, his sentencing exposure
would be significantly less than mandatory life imprisonment.
Under the savings clause and Allen v. Ives, this court has
jurisdiction to issue the writ, and grant Gonzalez a plenary
resentencing. Gonzalez also submits that this court has
jurisdiction to take into consideration the First Step Act's
provision that amended Section 841 statutory enhancement. See
e.g., United States v. Graves, 925 F.3d 1036 (9th Cir.
2019)(When the district court re-sentences Graves, it may
also consider what effect, if any, the recently enacted First
Step Act has on his sentence). See Pub. L. No. 115-391, §
401(a), 132 Stat. 5194 (Dec. 21, 2018).

Conclusion

18

WHEREFORE, Petitioner David Trinidad Gonzalez respectfully moves this court to grant immediate release under the savings clause on the basis that he's actually innocent for the § 851 enhancement that relied on prior Ohio State convictions that are not categorically "felony drug offenses" under Mathis, Descamps, and 21 U.S.C. § 802(44). In the alternative, Gonzalez request a plenary resentencing in absence of the §§ 841 and 851 enhancement.

DATED this _18_ day of May, 2020.

Respectfully submitted,

David Trinidad Gonzalez

David Trinidad Gonzalez

ATTACHMENT A

IN THE COURT OF COMMON PLEAS OF HANCOCK COUNTY, OHIO

THE STATE OF OHIO,                          CASE NO. 93-269-CR

          Plaintiff,

vs.                                         **PLEA OF GUILTY**

TRINI DAVID GONZALEZ,

          Defendant.

I, Trini David Gonzalez, being a citizen of the United States of America, and further being fully informed by my counsel, and by the Court of my right to trial by jury under the laws of the State of Ohio and the Constitution of the United States, and further being advised of my right to confront the witnesses against me, and to have witnesses brought forth on my behalf, and to have my guilt established beyond a reasonable doubt, and that I cannot be forced to testify against myself, and being further informed by the Court that the maximum penalty herein as to the lesser included offenses contained in Count One and Count Two of the Indictment is imprisonment for a determinate term of one (1) year, eighteen (18) months or two (2) years each at such institution as may be designated by the Ohio Department of Rehabilitation and Correction, and a fine of not to exceed Five Thousand Dollars ($5,000.00), that the Court shall impose a mandatory fine of Two Thousand Five Hundred Dollars ($2,500.00), that the Court shall suspend the Defendant's Operator's License for not less than six (6) months,

P148-1735

IN THE COURT OF COMMON PLEAS OF HANCOCK COUNTY, OHIO
PLEA OF GUILTY                                    PAGE TWO

nor more than five (5) years, and that I may not be eligible for probation, and that the Court upon acceptance of this plea may proceed with judgment and sentence, hereby waive my right to trial by jury as well as all the above aforesaid rights and enter a plea of GUILTY to Count One, Ohio Revised Code, Section 2925.03(A)(1), Aggravated Trafficking in Drugs, a felony of the third degree, a lesser included offense within the Indictment filed by the Grand Jury of Hancock County, Ohio, to a violation of Ohio Revised Code, Section 2925.03(A)(5), Aggravated Trafficking in Drugs, a felony of the first degree, and to Count Two, Ohio Revised Code, Section 2925.03(A)(1), Aggravated Trafficking in Drugs, a felony of the third degree, a lesser included offense within the Indictment filed by the Grand Jury of Hancock County, Ohio, to a violation of Ohio Revised Code, Section 2925.03(A)(1), Aggravated Trafficking in Drugs, a felony of the second degree.

I, Trini David Gonzalez, further state that I understand the effect of this plea and that it is voluntarily entered with the understanding of the nature of the charge and of the maximum penalty involved and that I may not be eligible for probation.

No promises have been made to me by anyone to secure my plea of GUILTY other than any promises placed in the record pursuant to Criminal Rule 11(F) of the Ohio Rules of Criminal Procedure.

R148-1736

IN THE COURT OF COMMON PLEAS OF HANCOCK COUNTY, OHIO
PLEA OF GUILTY                                      PAGE TWO

DATED this ___12th___ day of ___DECEMBER___, 1994.

Signed in the presence of:

_____          _____
COMMON PLEAS JUDGE                 DEFENDANT, TRINI DAVID GONZALEZ

_____          _____
MARK A. KLEPATZ        (15)        ALAN S. KONOP
Assistant Prosecuting Attorney     Attorney for Defendant
Hancock County, Ohio

_____
COMMON PLEAS COURT REPORTER

R148-1737

ATTACHMENT B

**VANESSA EDWARDS, RPR**
Official Court Reporter
Hancock County Common Pleas Court
Findlay, Ohio 45840
(419) 424-7013


May 16, 2005


**S T A T E M E N T**


FOR:     George E. Gerken
         412 14th Street
         Toledo, OH 43624

---

---

IN RE:       STATE OF OHIO VS. GONZALEZ
             Case No. 2004-CR-299

   12-12-94  Transcript of proceeding


             **DEPOSIT    $108.00**
             **TOTAL        56.25   PAID**


**INVOICE DUE AND PAYABLE UPON RECEIPT**

IN THE COURT OF COMMON PLEAS OF HANCOCK COUNTY, OHIO

STATE OF OHIO,

      Plaintiff,

  -VS-               Case No. 1994-CR-269

TRINI D. GONZALEZ,

      Defendant.

- - -

BE IT HERETOFORE REMEMBERED, that these proceedings came on before the Honorable John T. Patterson, Judge of said court, on the 12th day of December, 1994.

- - -

**Vanessa Edwards, RPR**
Official Court Reporter
Hancock County Common Pleas Court
Findlay, Ohio
(419) 424-7013

2

1                              **APPEARANCES**

2


3           MARK A. KLEPATZ, Attorney at Law,
            Assistant Prosecuting Attorney for
4           Hancock County, Ohio.

5           ON BEHALF OF THE PLAINTIFF HEREIN.

6

7           ALAN S. KONOP, Attorney at Law,

            ON BEHALF OF THE DEFENDANT HEREIN.
8

9                              - - -

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1
2
3
4
5

Court of Common Pleas
Hancock County Courthouse
Findlay, Ohio

December 12, 1994

- - -

6        WHEREUPON, with counsel of record, Defendant and

7   appropriate court personnel present, the proceedings

8   commenced to-wit:

9

10

11                THE COURT:  Case comes on case

12   number 93-269-CR, in the Hancock County Court of Common

13   Pleas.  It is captioned State of Ohio Plaintiff versus

14   Trini David Gonzalez, Defendant.  Comes on on two count

15   indictment alleging aggravated trafficking in drugs, a

16   felony of the first degree.

17        And it comes on, it's my understanding, as on a

18   plea.  Let the record show Mr. Konop is here with and on

19   behalf of the Defendant Mr. Gonzalez.  Mr. Klepatz,

20   Assistant Hancock County Prosecutor, representing the

21   State of Ohio.

22        Mr. Klepatz, you have any remarks?

23                MR. KLEPATZ:  Yes, thank you

24   very much, Your Honor.  May it please the Court, Your

25   Honor, it's my understanding the Defendant will be

1    entering pleas of guilty today to lesser included

2    offenses contained within the indictment.  These would

3    both be felonies of a third degree, under Ohio Revised

4    Code Section 2925.03 (A) (1), aggravated trafficking in

5    drugs.  Those would be lesser included offenses of count

6    one, which was a first degree felony, aggravated

7    trafficking in drugs under 2925.03 (A) (5), and a second

8    degree felony, aggravated trafficking in drugs under

9    2925.03 (A) (1).

10          It's my understanding that the defense will be

11   asking for a pre-sentence investigation by the Adult

12   Probation Department, and at sentencing the State of Ohio

13   would recommend that the Court impose two years on each

14   count, and we'd ask that those sentences be run

15   consecutively, for a total of 4 years.  Asks the Court to

16   inquire of defense counsel and the Defendant if that's

17   their understanding.

18                THE COURT:  Mr. Konop, has

19   Mr. Klepatz accurately stated the status of plea

20   negotiations?

21                MR. KONOP:  Yes, he has, Your

22   Honor, thank you.

23                THE COURT:  And is it the

24   Defendant's intention to plead to the lesser included

25   offenses as set forth on the conditions set forth?

1   Honor.

2                    THE COURT:   While your attorney

3   can assist and advise you based upon his legal training,

4   experience, and expertise, it is you and only you who

5   must make any decision as to an ultimate plea in this

6   case.   Do you understand that?

7                    THE DEFENDANT:   Yes, Your

8   Honor.

9                    THE COURT:   Very well then,

10  the Court at this time finds that you do understand the

11  nature of the charges against you, as well as the

12  consequences of pleading guilty, and that by doing so you

13  understand that you are waiving, meaning giving up all

14  these rights I've just explained for you.   In view of

15  that fact, are you now prepared to enter a plea to the

16  amended counts one and two lesser included offenses of

17  the indictment against you?

18                   THE DEFENDANT:   Yes, Your

19  Honor.

20                   THE COURT:   And how will you

21  plead as to count one?

22                   THE DEFENDANT:   Guilty.

23                   THE COURT:   As amended that is.

24  How will you plead to count two as amended?

25                   THE DEFENDANT:   Guilty.

18

1          THE COURT:  Very well.  Now you

2   have before you a copy of the written guilty plea form.

3   I have the original in my possession.  I want you and

4   your attorney, Mr. Konop, to come forward to the

5   reporter's table, compare the two.   If they are

6   identical and it is your desire to plead guilty, you must

7   do so in writing by signing the original of the plea

8   form.

9          I want to ask you, young man, can you read?

10          THE DEFENDANT:  Yes.

11          THE COURT:  All right.

12          MR. KONOP:  Do you wish him to

13   execute?

14          THE COURT:  If he's satisfied

15   and that's what he wants to do.

16          MR. KONOP:  I indicate, Your

17   Honor, that we've gone over this earlier this morning, a

18   copy, and we find the copy to be the same as the

19   original.  And I believe that Mr. Gonzalez understood the

20   plea form, Your Honor.

21          THE COURT:  Very well.  All

22   right, Mr. Gonzalez, are you satisfied with the services

23   of your attorney, Mr. Konop?

24          THE DEFENDANT:  Yes, Your

25   Honor.

19

1              THE COURT:  Now Mr. Gonzalez,

2  you have at this time entered guilty -- pleas of guilty

3  to both counts one and two as amended in the indictment,

4  and that means, of course, you've waived your right to

5  remain silent.  Consequently, at this time I want to tell

6  -- want you to tell me exactly what occurred on May 19,

7  1993, leading to the charge as contained in count one,

8  aggravated trafficking in drugs, namely cocaine, which is

9  charged as a first degree felony by the amount sold.

10  What happened?

11              THE DEFENDANT:  Well, I can't

12  tell you exactly.  First I'm kind of confused with both

13  the cases.  I'll tell you of one.  I don't know which one

14  it is, first or second.

15              THE COURT:  It don't matter to

16  me.  We're talking in this indictment, that's all I'm

17  concerned about, is May 19th of 1993 and May 21st, okay.

18  You tell me generally what happened, because the degree

19  of the crime is predicated really on the amount of the

20  substance sold or passed, I should say, because it

21  doesn't have to be sold.  All you have to do is supply it

22  and you're in trouble.  Go ahead.

23              THE DEFENDANT:  I guess the

24  first time I was with this person name Bill Boggs and we

25  got called to Ralph Sanchez's house.  We went over there

1   and he came outside.  He asked for the drugs and I handed

2   to Bill Boggs and Boggs handed to Ralph Sanchez.   He

3   didn't give us no money or anything.  We left, and then

4   Bill Boggs got the money.

5                    THE COURT:  How much did you

6   deliver?

7                    THE DEFENDANT:  I think it was

8   like a quarter ounce or something like that.  I'm not

9   sure exactly.  A half ounce.

10                   THE COURT:  What about the

11  other incident?

12                   THE DEFENDANT:  Well, Ralph

13  Sanchez called me and told me that he needed some drugs,

14  and so I said, okay, I'll be over there.  Then he -- I

15  didn't go over there.  He called me.  Again he told me I

16  was playing around too much.  I went over there.  I went

17  into his house and I gave him --

18                   THE COURT:  How did you have

19  such ready access to high power drugs like cocaine and so

20  forth?  How do you have such a ready access?

21                   THE DEFENDANT:  I had some

22  friends.

23                   THE COURT:  Yeah, their real

24  friends all right.  Do you have the problem yourself?

25                   THE DEFENDANT:  No, I don't

ATTACHMENT C

Case 1:07-cr-00057-cr-GSA    Document 1    Filed 00/00/00    Page 44 of 46

*Notice*

IN THE COURT OF COMMON PLEAS OF HANCOCK

FEB 20

CLERK OF COURTS

IN THE COMMON PLEAS COURT OF HANCOCK COUNTY, OHIO

THE STATE OF OHIO,                CASE NO.  93-269-CR

       Plaintiff,                **JUDGMENT ENTRY**

  vs.                      (Sentencing)

TRINI DAVID GONZALES,         February 15, 1995

       Defendant.              JUDGE PATTERSON

       This day this cause came on for sentencing, having been continued from the 12th day of December, 1994, pending presentence investigation, with the Defendant appearing in Court in person and with his retained counsel, Alan S. Konop, and with the State of Ohio being present and represented by Mark A. Klepatz, Assistant Prosecuting Attorney for Hancock County, Ohio.

       Thereupon the Court being fully advised in the premises that the Defendant had entered his plea of Guilty, and had been found GUILTY on the 12th day of December, 1994, to two (2) violations of Ohio Revised Code, Section 2925.03(A)(1), Aggravated Trafficking in Drugs, each a felony of the third degree and a lesser included offense contained with in the Indictment.  The Court having heard statements by counsel for the Defendant and the State of Ohio, inquired of the Defendant if he hath anything to say in mitigation of sentence in his own behalf, before

R150-2125

IN THE COURT OF COMMON PLEAS OF HANCOCK COUNTY, OHIO
JUDGMENT ENTRY                                          PAGE TWO

sentence would be imposed and the Defendant made no statement in

his own behalf, and the Court being so advised in the premises,

ORDERED that the Defendant be sentenced and imprisoned as to

Count One, for a determinate term of two (2) years at such

institution as may be designated by the Ohio Department of

Rehabilitation and Correction, that the Defendant's Operator's

License shall be suspended for a period of five (5) years, that

he pay a mandatory fine of Two Thousand Five Hundred Dollars

($2,500.00), and that he pay the costs of prosecution, for which

execution is awarded.

Whereupon the Court further ORDERED as to Count Two,

that the Defendant be sentenced and imprisoned for a determinate

term of two (2) years at such institution as may be designated by

the Ohio Department of Rehabilitation and Correction, that the

Defendant's Operator's License shall be suspended for a period of

five (5) years, that he pay a mandatory fine of Two Thousand Five

Hundred Dollars ($2,500.00) and that he pay the costs of prosecu-

tion, for which execution is awarded.

Whereupon the Court was further advised that the

evidence seized by the Findlay Police Department in the foregoing

action is or are controlled substance(s), the possession of which

is unlawful and should be destroyed pursuant to Ohio Revised

Code, Section 2933.41(D)(A) and 3719.11.

R150·2126

IN THE COURT OF COMMON PLEAS OF HANCOCK COUNTY, OHIO
JUDGMENT ENTRY                                                    PAGE FOUR

      Whereupon the Court further ORDERED that the Defendant pay restitution to the Findlay, Ohio Police Department - Furtherance of Justice account in the amount of Seven Hundred Fifty Dollars ($750.00) as to Count One and Five Hundred Dollars ($500.00) as to Count Two.

      Whereupon the Court further ORDERED that these sentences shall be served consecutively, one after the other, that the Defendant's bond be released and discharged of record, that the Defendant be remanded to the Hancock County, Ohio Jail to await execution of this Order and that he be given credit for ____5____ days heretofore served in the Hancock County, Ohio Jail in connection with this cause.

      All until further Order of the Court.

HONORABLE JOHN T. PATTERSON
Judge of Said Court

APPROVED:

MARK A. KLEPATZ        (15)
Assistant Prosecuting Attorney
Hancock County, Ohio

ALAN S. KONOP
Attorney for Defendant

xc:   Adult Probation Department
      Hancock County, Ohio

I, the undersigned, clerk of the Common Pleas Court within and for said County, do hereby certify that the foregoing is a true and correct copy of the original   SENTENCING   on file in this office.

Clerk of the Common Pleas Court

By _____

R150-2128