UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TRINIDAD GONZALEZ,<br><br>    Petitioner,<br><br>    v.<br><br>CIOLLI, Warden,<br><br>    Respondent. | Case No.: 1:20-cv-00724-DAD-SKO (HC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND TO DENY MOTION TO STAY<br><br>[THIRTY-DAY OBJECTION DEADLINE] |

    Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    Petitioner is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California. He filed the instant federal petition on May 22, 2020. On May 28, 2020, a Scheduling Order was issued in this case directing Respondent to file a response. (Doc. 4.) The time passed for filing a response, and Respondent did not file a responsive pleading. Accordingly, on August 4, 2020, the Court issued an order directing Respondent to show cause why sanctions should not be imposed for failure to comply with a court order. (Doc. 8.) On August 19, 2020, Respondent filed a response to the order to show cause. (Doc. 9.) On August 21, 2020, the Court discharged the order to show cause. (Doc. 11.) On August 19, 2020, Respondent filed a motion to stay, or alternatively, a motion for an extension of time to file a response. (Doc. 10.) As discussed below, the

1

Court will recommend that the petition be DISMISSED pursuant to the Court's authority under Rule 4 of the Rules Governing Section 2254 Cases. For this reason, the Court will also recommend the motion to stay be DENIED as moot.

## BACKGROUND

On September 5, 2000, Petitioner was indicted in the United States District Court for the Northern District of Ohio for drug trafficking offenses along with 35 co-defendants. See United States v. Gonzalez, Case No. 3:00-cr-00756-JZ (N.D. Ohio) (Doc. 1.) Petitioner remained a fugitive until December 8, 2003. Id., (Doc. 1221). On December 11, 2003, Petitioner was arraigned and entered pleas of not guilty to conspiracy to possess and distribute cocaine, cocaine base, and marijuana (21 U.S.C. § 846; Count 1) and possession with intent to distribute cocaine (21 U.S.C. § 841(a)(1); Count 33). Id., (Doc. 1222). On April 25, 2005, a jury found Petitioner guilty as charged, and further found that Petitioner was responsible for at least five (5) kilograms of cocaine. Id., (Doc. 1356). On January 11, 2006, Petitioner was sentenced to life imprisonment. Id., (Docs. 1434, 1435).

On January 12, 2006, Petitioner appealed his conviction and sentence to the Sixth Circuit Court of Appeals. Id., (Doc. 1436). Petitioner directly raised his claim that his prior drug offenses did not qualify as predicate offenses under 21 U.S.C. § 841(b). United States v. Gonzalez, 2007 WL 4438131, *10 (6th Cir. 2007). The Sixth Circuit rejected his claim, noting as follows:

> Following trial, the PSR detailed Gonzalez's criminal background. The PSR identified at least two prior felony drug convictions that qualified as predicate offenses under 21 U.S.C. § 841(b): a 1992 Ohio conviction for aggravated trafficking in drugs, for which Gonzalez was sentenced to a term of 18 months of imprisonment, and a 1995 Ohio conviction for aggravated trafficking in drugs, for which Gonzalez was sentenced to a term of 18 months of imprisonment.

Id. Ultimately, the Sixth Circuit concluded "that the district court did not err in finding that Gonzalez was subject to 21 U.S.C. § 841(b)'s mandatory minimum of life imprisonment." Id., at *13.

On October 8, 2009, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court. Gonzalez, Case No. 3:00-cr-00756-JZ (Doc. 1563). On March 8, 2010, the district court denied the motion in a reasoned decision. Id., (Doc. 1574).

On May 22, 2020, Petitioner filed the instant habeas petition. He claims the sentencing court erred in finding him eligible for sentence under 21 U.S.C. § 841(b)(1)(A).

**DISCUSSION**

I.     Screening of Petition

Rule 4 of the Rules Governing Section 2254 Cases[1] requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8. The Court will exercise its authority under Rule 4 in recommending dismissal of the petition.

II.    Jurisdiction

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

---

[1] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

Nevertheless, an exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255); see Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65. "[I]f, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012); see 28 U.S.C. § 2255(e). The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The exception will not apply "merely because section 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion. Id., 328 F.3d at 1059 (ban on unauthorized or successive petitions does not *per se* make § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; *accord* Marrero, 682 F.3d at 1192. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner fails to meet this burden, then his § 2241 petition must be dismissed for lack of jurisdiction. Ivy, 328 F.3d at 1060.

In this case, Petitioner is challenging the validity and constitutionality of his sentence as imposed by the United States District Court for the Northern District of Ohio, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the Ohio District Court, not a habeas petition pursuant to § 2241 in this Court. Petitioner acknowledges this fact in his petition; however, he claims the Court has jurisdiction pursuant to the savings clause, because he is actually innocent of the sentencing enhancement, and he

4

has not had an unobstructed procedural opportunity to present his claim. Nevertheless, section 2241 is unavailable, because Petitioner does not present a claim of actual innocence.

A. Actual Innocence

In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Actual innocence means factual innocence, not mere legal insufficiency. Id. In this case, Petitioner makes no claim of being factually innocent of drug trafficking. Rather, he complains he is actually innocent of the *sentence* he received. Under the savings clause, Petitioner must demonstrate that he is actually innocent of the crime for which he has been convicted, not the sentence imposed. See Ivy, 328 F.3d at 1060; Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction"). Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using Section 2241 to collaterally attack a conviction or sentence imposed by a federal court. See Stephens, 464 F.3d at 898-99 (concluding that, although petitioner satisfied the requirement of not having had an "unobstructed procedural shot" at presenting his instructional error claim under Richardson v. United States, 526 U.S. 813, 119 (1999), petitioner could not satisfy the actual innocence requirement as articulated in Bousley and, thus, failed to properly invoke the escape hatch exception of Section 2255).

Petitioner claims that pursuant to the Ninth Circuit's decision in Allen v. Ives, 950 F.3d 1184, 1189 (9th Cir. 2020), he may bring his challenges to his sentence via the savings clause. In Allen, the Ninth Circuit addressed an issue it had previously left open and concluded that if a federal prisoner shows that (under a retroactively applicable change in the law) a predicate conviction for career offender status under the mandatory sentencing guidelines no longer qualified as such, then the factual predicate for his mandatory sentencing enhancement did not exist, he is actually innocent of the enhancement, and may file qualify for escape hatch jurisdiction under 28 U.S.C. § 2255(e). Like the

petitioner in Allen, Petitioner claims that Mathis v. United States, __ U.S. __, 136 S.Ct. 2243 (2016), and Descamps v. United States, 570 U.S. 254 (2013), retroactively establish his innocence as to his sentence.

Respondent has moved for a stay of proceedings pending the Ninth Circuit's resolution of Allen, because the decision is arguably at odds with Supreme Court authority and is in conflict with other circuit court decisions. Respondent notes that the Allen decision is currently pending in the Ninth Circuit on whether the rehear the case *en banc*. Respondent states that the Ninth Circuit's resolution of the case may provide clarity to the issues or even be fully determinative of the outcome. However, the Court finds a stay to be unnecessary. As correctly argued by Respondent, Allen is distinguishable, and as district courts in this circuit have repeatedly found, jurisdiction does not lie for such "legal-based" actual innocence claims.

In Allen, the Ninth Circuit noted that the petitioner in that case was sentenced under then-*mandatory* Sentencing Guidelines. In contrast, in this case the petitioner was sentenced under *advisory* Sentencing Guidelines. In Jaramillo v. United States, 2020 WL 3001783 (D.Az. 2020), the Arizona District Court noted this distinction and Allen's limited application. The Arizona Court noted that both the Sixth Circuit and the Eleventh Circuit found that a petitioner could not satisfy the demanding actual innocence standard by challenging Guidelines which are advisory. Jaramillo, 2020 WL 3001783, *11-12. In Gibbs v. United States, 655 F.3d 473, 479 (6th Cir. 2011), the appellate court stated:

> In federal sentencing cases, federal law authorizes an imprisonment range. While the sentencing guidelines are used as a starting point for determining where within the statutorily-set range a prisoner's sentence should fall, the guidelines themselves are advisory. A challenge to the sentencing court's guidelines calculation, therefore, only challenges the legal process used to sentence a defendant and does not raise an argument that the defendant is ineligible for the sentence she received. The Supreme Court did not intend the "actual innocence" exception to save such procedural claims.

Similarly, in Spencer v. United States, 773 F.3d 1132, 1149 (11th Cir. 2014), the Eleventh Circuit found no basis for a finding of actual innocence of an advisory Guideline. The Eleventh Circuit noted:

> Spencer does not allege that he is actually innocent of the crime for which he was indicted, nor that any of his prior convictions have been vacated. Instead, he contends only that the district court erroneously classified him as a career offender under the advisory guidelines. But any miscalculation of the guideline range cannot be a

complete miscarriage of justice because the guidelines are advisory. If the district court were to resentence Spencer, the district court could impose the same sentence again.

The same holds true here.  Petitioner was sentenced in 2006 after the Supreme Court rendered the Sentencing Guidelines advisory in United States v. Booker, 543 US. 220, 245 (2005).  Any error in calculating the advisory Guideline range could not alter the sentence for which he is statutorily eligible; therefore, Petitioner's claims do not meet the demanding actual innocence exception.  See Gibbs, 655 F.3d 478-79 (quoting Sawyer v. Whitley, 505 U.S. 333, 336 (1992) ("'[T]o show 'actual innocence'' in the sentencing context, the petitioner 'must show by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible for the ... penalty under the applicable ... law.'"))  Therefore, the Court is without jurisdiction and the petition should be dismissed.

**RECOMMENDATION**

Based on the foregoing, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED for lack of jurisdiction, and Respondent's motion to stay and/or extend time be DENIED as moot.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

/////
/////
/////
/////
/////

parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 1, 2020**                               /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE

8