1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID TRINIDAD GONZALEZ,                  No.  1:20-cv-00724-DAD-SKO (HC)

12                    Petitioner,

13        v.                                     ORDER ADOPTING FINDINGS AND
                                                 RECOMMENDATIONS, IN PART, AND
14    WARDEN CIOLLI,                             DENYING MOTION TO STAY AS MOOT

15                    Respondent.                (Doc. Nos. 10, 12)

16

17         Petitioner David Trinidad Gonzalez is a federal prisoner proceeding *pro se* and *in forma*

18    *pauperis* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was

19    referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule

20    302.

21         In his pending petition, petitioner asserts that according to the Ninth Circuit's recent

22    decision in *Allen v. Ives*, 950 F.3d 1184 (9th Cir. 2020), he may bring his claim of actual

23    innocence in challenging his sentence—a statutory mandatory minimum sentence of life

24    imprisonment—by way of this § 2241 action.  (Doc. No. 1 at 7, 12.)  On August 19, 2020,

25    respondent filed a motion to stay this case pending the Ninth Circuit's resolution of *Allen* because

26    the dissenting judge on the panel that decided *Allen* had voted to grant the respondent-appellee's

27    petition for rehearing *en banc*, and the Ninth Circuit had not yet decided whether it would rehear

28    the case.  (Doc. No. 10 at 3–4.)

                                                1

1    On September 2, 2020, the assigned magistrate judge issued findings and

2  recommendations recommending that respondent's motion to stay be denied as moot because

3  such a stay is unnecessary in light of the magistrate judge's determination that petitioner's § 2241

4  petition should be summarily dismissed for lack of jurisdiction.  (Doc. No. 12 at 6–7.)

5  Specifically, the magistrate judge found that petitioner's claims do not meet the demanding actual

6  innocence exception to qualify for escape hatch jurisdiction under 28 U.S.C. § 2255(e) because he

7  "was sentenced in 2006 after the Supreme Court rendered the Sentencing Guidelines advisory in

8  *United States v. Booker*, 543 US. 220, 245 (2005)," and "[a]ny error in calculating the advisory

9  Guideline range could not alter the sentence for which he is statutorily eligible."  (*Id.* at 5–7.)

10  Accordingly, the magistrate judge recommended that respondent's motion to stay be denied as

11  moot and that petitioner's § 2241 petition be summarily dismissed due to lack of jurisdiction.  (*Id.*

12  at 7.)  Those pending findings and recommendations were served on all parties and contained

13  notice that any objections thereto were to be filed within thirty (30) days after service.  (*Id*. at 7–

14  8.)  On September 24, 2020, petitioner timely filed objections to the pending findings and

15  recommendations.  (Doc. No. 13.)  To date, respondent has not filed any objections, and the time

16  in which to do so has now passed.

17    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a

18  *de novo* review of this case.  Having carefully reviewed the entire file, including petitioner's

19  objections, the undersigned adopts the pending findings and recommendations, in part.

20    As to respondent's motion to stay this case pending the Ninth Circuit's resolution of

21  *Allen*, the undersigned notes that on September 22, 2020, after the pending findings and

22  recommendations were issued, the Ninth Circuit denied the petition for rehearing *en banc* in

23  *Allen*.  *See Allen v. Ives*, 976 F.3d 863 (9th Cir. 2020).  In doing so, the judges making up the

24  majority in that case provided clarification in a detailed opinion concurring in the denial of the

25  petition for rehearing *en banc* "to respond to [their] colleague and to explain why [they] believe

26  [they] reached the correct decision."  *Id.* at 864.  Thus, because the Ninth Circuit's resolution of

27  *Allen* is no longer pending, respondent's motion to stay this case due to the pendency of the *Allen*

28  case has been rendered moot.  On this basis alone, the undersigned will adopt the magistrate

2

1  judge's ultimate recommendation that the pending motion to stay be denied.

2      Nonetheless, as to the magistrate judge's finding that petitioner's claims do not meet the

3  demanding actual innocence exception in order to qualify for the escape hatch jurisdiction

4  provided for under 28 U.S.C. § 2255(e), the undersigned declines to adopt the recommendation

5  that petitioner's § 2241 petition be summarily dismissed due to lack of jurisdiction.  This is

6  because the magistrate judge did not have the benefit of the Ninth Circuit's clarification provided

7  in the opinion concurring in the denial of the petition for rehearing *en banc* in *Allen* at the time

8  the findings and recommendations were issued.

9      In particular, in an effort to assuage concerns that its "decision opened the proverbial

10  floodgates," the Ninth Circuit clarified in *Allen* that

11
> [f]or other petitioners to be similarly situated to Allen and to be
12  actually innocent of a mandatory sentence, they will have to show:
> (1) they were convicted of prior offenses, at least one of which was
> mistakenly deemed to qualify as a predicate offense; (2) the mistake
13  was later addressed by the Supreme Court in a retroactive decision
> clarifying the applicable law; (3) *they received a mandatory*
14  *sentence under a mandatory sentencing scheme*; and (4) all of this
> came to light after the opportunity to raise it in a § 2255 motion had
15  passed.

16  *Allen*, 976 F.3d at 869 (emphasis added).  Although it is true that the petitioner in *Allen* was

17  sentenced under the then-mandatory sentencing guidelines, the Ninth Circuit did not limit claims

18  brought under § 2241 of actual innocence of a sentence to petitioners who were sentenced

19  pursuant to then mandatory sentencing guidelines.  Rather, the Ninth Circuit clarified that

20  petitioners would have to show that "they received a mandatory sentence under a mandatory

21  sentencing scheme."  *Id.*

22      In this action, petitioner contends that in light of recent decisions by the Supreme Court

23  and the Ninth Circuit—*Descamps v. United States*, 570 U.S. 254 (2013); *Mathis v. United States*,

24  ⸺ U.S. ⸺, 136 S. Ct. 2243 (2016); and *Allen v. Ives*, 950 F.3d 1184 (9th Cir. 2020) *reh'g en*

25  *banc denied*, 976 F.3d 863—which apply retroactively, he has stated a cognizable claim under §

26  2241 for actual innocence with respect to his statutory mandatory minimum sentence of life

27  imprisonment because his two prior convictions do not qualify as "felony drug offenses."  (Doc.

28

3

1  No. 1 at 23.)  In other words, petitioner argues that he is actually innocent of the mandatory life

2  sentence enhancement proscribed by *statute*—namely, 21 U.S.C. §§ 841, 851.  (*Id.* at 10, 13, 21.)

3     At the time of petitioner's trial, conviction, and sentencing, § 841(b)(1)(A)(ii)(II) provided

4  in relevant part that:

5     any person who violates [§ 841(a)] shall be sentenced . . . [i]n the
       case of a violation . . .  involving . . . 5 kilograms or more of a
6     mixture or substance containing a detectable amount of . . . cocaine,
       . . . such person shall be sentenced to a term of imprisonment which
7     may not be less than 10 years or more than life . . ..  If any person
       commits [such] a violation . . . after two or more prior convictions
8     for a felony drug offense have become final, such person shall be
       sentenced to a mandatory term of life imprisonment without release
9     . . ..

10  21 U.S.C. § 841 (effective Nov. 2, 2002 to Mar. 8, 2006).

11     As noted in the pending findings and recommendations, on September 5, 2000, petitioner

12  was indicted in the United States District Court for the Northern District of Ohio for drug

13  trafficking offenses along with 35 co-defendants.  (Doc. No. 12 at 2) (citing *United States v.*

14  *Gonzalez*, No. 3:00-cr-00756-JZ, Indictment, Doc. No. 1 (N.D. Ohio, Sep. 5, 2000)).  On April

15  25, 2005, petitioner was convicted by a jury on one count of conspiracy to possess and distribute

16  cocaine, cocaine base, and marijuana in violation of 21 U.S.C. § 846, and on one count of

17  possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).  (Doc. No. 12 at

18  2.)  The jury also found petitioner responsible for at least five kilograms of cocaine in connection

19  was his conviction.  (*Id.*)  On January 11, 2006, petitioner was sentenced to life imprisonment.

20  (*Id.*; *see also United States v. Gonzalez*, No. 3:00-cr-00756-JZ, Judgment, Doc. No. 1435 at 2

21  (N.D. Ohio, Jan. 12, 2006) (sentencing petitioner "to the custody of the United States Bureau of

22  Prisons to be imprisoned for a total term of life on both counts to run concurrently")).

23  Specifically, petitioner "was sentenced to a statutory mandatory term of life imprisonment

24  /////

25  /////

26  /////

27  /////

28  /////

4

1    pursuant to 21 U.S.C. § 841(b)." *United States v. Gonzalez*, 257 F. App'x 932, 933 (6th Cir.

2    2007).[1]

3    As petitioner emphasizes in his objections to the pending findings and recommendations, he was

4    sentenced under a mandatory sentencing scheme proscribed by *statute*, not pursuant to the

5    sentencing guidelines. (Doc. No. 13 at 3–5.) Indeed, petitioner's claim is not based on any

6    purported error or mistake in calculating or applying the sentencing guidelines. The fact that

7    petitioner was sentenced post-*Booker* when the sentencing guidelines were advisory is irrelevant

8    to the determination of whether petitioner can satisfy the demanding actual innocence exception

9    to qualify for the escape hatch jurisdiction under 28 U.S.C. § 2255(e). Petitioner was sentenced

10   to the statutory mandatory sentence of life imprisonment pursuant to 21 U.S.C. §§ 841, 851 – a

11   mandatory sentence under a mandatory sentencing scheme as described by the Ninth Circuit in

12   *Allen.* Accordingly, the undersigned declines to adopt the magistrate judge's recommendation

13   that this case be summarily dismissed due to lack of jurisdiction.

14       The court pauses to note, however, that it does not mean to suggest that the pending

15   petition is impervious to attack on other bases, such as failure to state a cognizable claim for

16   federal habeas relief, or that his claims may ultimately be found meritorious. Rather, in the

17   undersigned's view, in light of the Ninth Circuit's clarification of the decision in *Allen*, summary

18   [1] As the Sixth Circuit summarized in its order affirming petitioner's conviction and sentence on
19   direct appeal:

20       Prior to sentencing, the presentence investigative report ("PSR")
         listed a base offense level of 38 for Gonzalez based on his
21       involvement with more than 150 kilograms of cocaine. The PSR
         then recommended a four-point increase pursuant to U.S.S.G.
22       § 3B1.1(a) because Gonzalez was alleged to have been a leader in
         the drug conspiracy. Gonzalez's criminal history computation
23       resulted in a score of 20, due in part to two drug-related felony
         convictions, entered in 1992 and 1993. Based on Gonzalez's
24       offense level and criminal history, the Guidelines range was
         calculated to be 360 months to life. The PSR recommended,
25       however, that because Gonzalez had two prior felony convictions,
         he was subject to a mandatory term of life imprisonment, pursuant
26       to U.S.S.G. § 5G1.1(b) and 21 U.S.C. § 841(b). Gonzalez opposed
         the § 841(b) enhancement, but the district court overruled his
27       objection and found that Gonzalez was eligible for the mandatory
         life sentence.

28   *United States v. Gonzalez*, 257 F. App'x 932, 935–36 (6th Cir. 2007).

1    dismissal of the petition is not appropriate because it does not plainly appear from that petition

2    that petitioner is not entitled to relief.

3          Accordingly:

4          1.      The pending findings and recommendations issued on September 2, 2020 (Doc.

5                  No. 12), are adopted in part, as follows:

6                  a.      Respondent's motion to stay this case (Doc. No. 10) is denied as moot;

7                  b.      The court declines to summarily dismiss this action; and

8          2.      The matter is referred back to the assigned magistrate for proceedings consistent

9                  with this order.

10   IT IS SO ORDERED.

11       Dated:    **March 16, 2021**                    _____

12                                                       UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6