UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TRINIDAD GONZALEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN CIOLLI,<br><br>　　　　　Respondent. | No. 1:20-cv-00724-DAD-SKO (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO STAY ORDER TO RESPOND (Doc. 16)<br><br>ORDER DIRECTING RESPONDENT TO SUBMIT STATUS REPORT<br><br>[60-DAY DEADLINE] |

　　　　Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

　　　　Petitioner filed his federal habeas petition in this Court on May 22, 2020. (Doc. 1.) He contends that he is actually innocent of his mandatory life sentence because his two prior state offenses do not qualify as predicates in light of the recent decisions by the Supreme Court in Descamps v. United States, 570 U.S. 254 (2013); Mathis v. United States, ⎯⎯ U.S. ⎯⎯, 136 S. Ct. 2243 (2016). Petitioner further contends that the Court has jurisdiction to entertain his claim under the savings clause in 28 U.S.C. § 2255, because he is actually innocent of his sentence, and the Ninth Circuit has recently concluded that in the case where the United States Sentencing Guidelines were mandatory, one could be actually innocent of a sentence. Allen v. Ives, 950 F.3d

1

1   1184, 1188-90 (9th Cir. 2020), *reh'g en banc denied* 976 F.3d 863.[1]

On March 22, 2021, the Court issued an order directing Respondent to file a response to the petition. (Doc. 15.) On May 13, 2021, Respondent filed a motion to stay the order to respond, or in the alternative, a motion to extend time to file a response. (Doc. 16.) Petitioner did not file an opposition.

Respondent states that Petitioner filed a motion for compassionate release / reduction of sentence in the Northern District of Ohio in the court of conviction. In the motion, Petitioner requests that he be resentenced because his prior state drug offenses did not qualify as predicate offenses under 21 U.S.C. § 841(b)'s sentencing enhancement scheme.

On April 4, 2021, the Northern District of Ohio court of conviction appointed counsel to represent him on his resentencing claims. On May 5, 2021, appointed counsel filed a supplemental motion in support of Petitioner's demand for resentencing. Thus, the issue of whether Petitioner's state prior convictions qualify under 28 U.S.C. § 841(b) for a life sentence is presently before both this Court and the court of conviction.

Respondent has moved for a stay of the briefing order pending resolution of the pending motion in the court of conviction. Respondent submits that the court of conviction is familiar with the state law offense priors, and that a stay will conserve judicial and governmental resources and avoid conflicting rulings on overlapping claims and issues. Respondent further contends that granting a stay will allow Petitioner to focus his resources on his pending and ongoing 18 U.S.C. § 3582(C)(1)(A) motion.

Respondent's arguments are persuasive, and Petitioner has not opposed the motion. For the reasons set forth by Respondent, the Court finds good cause to stay the briefing order.

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

1)   Respondent's motion to stay the briefing order (Docs. 15, 16) is GRANTED;

---

[1] Prior to Allen, courts routinely dismissed claims of legal-based actual innocence of a *sentence*. See Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007); Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012).

2) The order is STAYED pending resolution of Petitioner's § 3582(C)(1)(A) motion; and

3) Respondent is DIRECTED to submit a status report within sixty (60) days, and every sixty (60) days thereafter, until resolution of the § 3582(C)(1)(A) motion.

IT IS SO ORDERED.

Dated:  **September 1, 2021**              /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE