UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TRINIDAD GONZALEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CIOLLI, Warden,<br><br>　　　　　Respondent. | No.  1:20-cv-00724-DAD-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 18]**<br><br>**[FOURTEEN DAY DEADLINE]** |

　　　　Petitioner is a former federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

## BACKGROUND

　　　　On September 5, 2000, Petitioner was indicted in the United States District Court for the Northern District of Ohio for drug trafficking offenses along with 35 co-defendants. See United States v. Gonzalez, Case No. 3:00-cr-00756-JZ-1 (N.D. Ohio) (Doc. 1.)  Petitioner remained a fugitive until December 8, 2003.  Id., (Doc. 1221). On December 11, 2003, Petitioner was arraigned and entered pleas of not guilty to conspiracy to possess and distribute cocaine, cocaine base, and marijuana (21 U.S.C. § 846; Count 1) and possession with intent to distribute cocaine (21 U.S.C. § 841(a)(1); Count 33).  Id., (Doc. 1222).  On April 25, 2005, a jury found Petitioner

1

guilty as charged, and further found that Petitioner was responsible for at least five (5) kilograms of cocaine. Id., (Doc. 1356). On January 11, 2006, Petitioner was sentenced to life imprisonment. Id., (Docs. 1434, 1435).

On January 12, 2006, Petitioner appealed his conviction and sentence to the Sixth Circuit Court of Appeals, and the judgment was affirmed. Id., (Docs. 1436, 1502).

On May 22, 2020, Petitioner filed the instant habeas petition. He contends that he is actually innocent of his mandatory life sentence because his two prior state offenses do not qualify as predicates in light of the recent decisions by the Supreme Court in Descamps v. United States, 570 U.S. 254 (2013), and Mathis v. United States, ––– U.S. –––, 136 S. Ct. 2243 (2016). Petitioner further contends that the Court has jurisdiction to entertain his claim under the savings clause in 28 U.S.C. § 2255, because he is actually innocent of his sentence, and the Ninth Circuit has recently concluded that in a case where the United States Sentencing Guidelines were mandatory, one could be actually innocent of a sentence. Allen v. Ives, 950 F.3d 1184, 1188-90 (9th Cir. 2020), *reh'g en banc denied* 976 F.3d 863.

On March 22, 2021, the Court issued an order directing Respondent to file a response to the petition. (Doc. 15.) On May 13, 2021, Respondent filed a motion to stay the order to respond, or in the alternative, a motion to extend time to file a response. (Doc. 16.) Respondent stated that Petitioner filed a motion for compassionate release / reduction of sentence in the court of conviction. In the motion, Petitioner requested that he be resentenced because his prior state drug offenses did not qualify as predicate offenses under 21 U.S.C. § 841(b)'s sentencing enhancement scheme. Petitioner did not file an opposition. On September 1, 2021, this Court granted Respondent's motion to stay pending resolution of Petitioner's motion in the court of conviction. (Doc. 17.) The order served on Petitioner was returned as undeliverable on September 30, 2021.

On October 27, 2021, Respondent filed a motion to dismiss the petition as moot. (Doc. 18.) For reasons discussed below, the Court recommends that the motion be GRANTED and the petition be DISMISSED.

**DISCUSSION**

As noted above, Petitioner filed motion for compassionate release / reduction of sentence

on March 31, 2021, in the court of conviction. See Gonzalez, Case No. 3:00-cr-00756-JZ-1 (Doc. 1620.) On July 20, 2021, the court granted Petitioner's motion for reduction of sentence and reduced his sentence to time served. Id., (Doc. 1633.)

On October 27, 2021, Respondent filed a motion to dismiss the petition as moot. Respondent states that Petitioner has been granted the relief he sought with this petition – to be released; therefore, there is no further relief this Court can provide.

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (*per curiam*) (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)). When a prisoner is released from custody, any habeas petition challenging continued detention becomes moot. Fender v. U.S. Bureau of Prisons, 846 F.2d 550, 555 (9th Cir.1988).

Because Petitioner has been granted the relief he sought and is no longer in custody, the petition is now moot.

**RECOMMENDATION**

The Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned District Judge pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen (14) days after service of the proposed Findings and Recommendation, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to any objections may be filed within ten (10) days after date of service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28

U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 29, 2021**                              /s/ *Sheila K. Oberto*                    
                                                                           UNITED STATES MAGISTRATE JUDGE